# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**LARRY JARELL MOORE**                                      **PLAINTIFF**
**ADC #160897**

**v.**                          **No. 4:26-cv-79-DPM**

**DALLAS COUNTY SHERIFF'S OFFICE**
**and DOE, Sheriff's Deputy, Dallas County**          **DEFENDANTS**

## ORDER

1.      Moore's motion to proceed *in forma pauperis, Doc. 1,* is granted.   The Court assesses an initial partial filing fee of $1.69. After payment of the initial partial filing fee, Moore's custodian must collect monthly payments from his prison trust account each time the amount in the account exceeds $10.   These payments will be equal to twenty percent of the preceding month's income credited to the account;  and they will be collected and forwarded to the Clerk of the Court until the $350 filing fee is paid in full.   28 U.S.C. § 1915(b)(2). The payments forwarded on Moore's behalf must be clearly identified by case name and case number.

2.      The Court directs the Clerk to send a copy of this Order to three addresses:

- the Warden of the White River Unit of the Arkansas Division of Correction, P.O. Box 4127, Batesville, Arkansas 72503;

- the Arkansas Division of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and

- the Arkansas Division of Correction Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

3.      The Court must screen Moore's § 1983 complaint. *Doc. 2*; 28 U.S.C. § 1915(e).  He says his phone and money were removed when he was arrested but, before he was put in the squad car, an officer returned money to his pocket.  Once at the jail, the arresting officer again removed the money, found drugs on one of the bills, and charged Moore with attempting to introduce the drugs into the jail.  He implies that the arresting officer placed tainted money on him during his arrest. Moore asks to be reimbursed for a lost four wheeler, a litter of Pitbull puppies, his lost job, and money damages.  A public records search reveals that he was detained awaiting trial on two counts of possessing controlled substances in Dallas County, Arkansas.  *State v. Moore*, 20CR-26-32 (Criminal Information).

The Court must abstain from proceeding with Moore's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Moore may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  Further, he hasn't alleged bad faith, harassment, or any other extraordinary circumstances that would make

abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). Moore's claims are therefore stayed until there's a final disposition of his pending state charges. *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603–04 (8th Cir. 1999).

*

The Court directs the Clerk to stay and administratively terminate this case. Moore can move to reopen this case after final disposition of his state cases, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Moore doesn't file a timely motion to reopen or a status report by 16 April 2027, then the Court will reopen the case and dismiss it without prejudice. His motion for default Judgment, *Doc. 3*, is denied without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

7 April 2026

- 3 -